the hearing, at which counsel for the appellant and the *fiscal* of this Supreme Court were present, the latter opposing the appeal.

Mr. *Sarmiento,* for appellant.

Mr. *del Toro, Fiscal,* for the People.

----

## Ex Parte Vega.

### Appeal from the District Court of Humacao.

No. 58.—Decided June 8, 1904.

Dominion Title.—Property owners who hold a public deed showing their ownership of real estate, cannot avail themselves of the proceedings provided by article 395 of the Mortgage Law, to prove their ownership thereof nor can they correct by means of such proceedings any defects which may exist in their titles, but such defects must be corrected by the means provided by the Mortgage Law.

Id.—Written Title Not Capable of Being Recorded.—The proceedings provided for by the Mortgage Law to prove the ownership of real property may be availed of by property owners who hold written titles thereto, but which are not capable of being recorded in the registry, if the same lack the requisites prescribed by article 2 of said law.

Id.—Evidence.—If in proceedings prosecuted to secure a dominion title the evidence fails to show that petitioner has been in possession of the real estate for a sufficient time to acquire the same by prescription, or that his predecessor in interest has acquired the same by one of the means recognized by the law, a dominion title cannot be granted.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of Humacao by Apolinar Vega Martínez, for the purpose of obtaining a declaration of ownership of two rural estates; which case is pending before us on appeal taken by counsel for the petitioner, from the judgment rendered by aforesaid district court, which reads as follows:

"Judgment.—In Guayama, June 2, 1903. The hearing was had in this proceeding instituted by Apolinar Vega Martínez, of legal age, landowner, married and a resident of Cayey, with the Department of Justice, for the purpose of obtaining a dominion title to two rural estates.

"On February 19, last, Attorney Luis Muñoz Morales filed a petition in the court, on behalf of Apolinar Vega Martínez, of legal age, landowner, united by first marriage to Basilisa de Jesús, and a resident of Cayey, praying that the ownership of the following estates be declared in his favor: A tract of land without name, situated in *barrio* Cercadillo, within the municipal district of Cayey, composed of 13 *cuerdas* of land, equal to 5 hectares, 10 ares and 95 centares, bounded on the north by river Lapa, on the south by lands of Pedro de Jesús and Federico Bolornio, on the east by those of Feliciano Santiago, formerly Clemente Rodríguez, and on the west by lands belonging to Federico Bolornio and the river; another tract of land, without name, situated in *barrio* Pasto Viejo, within the municipal district of Cayey, consisting of 26.62 *cuerdas* of land equal to 10 hectares, 43 ares and 91 centares, bounded on the north by the brook Quebrada Bellaca, on the south by lands belonging to Nicolás and Norberto Vega, on the east by those of the estate of Fermín Bonilla, Nicolás Vega and Juan de la Cruz Vega; said estates were acquired by Vega as follows: The one first mentioned by purchase from Morales & Company, according to deed executed in Cayey before Notary Casimiro Morales, for three hundred dollars and the other in two parcels, namely 24 *cuerdas* by purchase from Antonio Vega, according to deed executed before the notary of Cayey, and 5.12 *cuerdas,* by purchase from Felipe Vega, according to private document, said estate being valued at five hundred dollars.

"With the petition were filed the following documents: Copy of an instrument promising to sell, executed by Morales & Company in favor of Apolinar Vega y Martínez, on June 28, 1887, before No-

tary Casimiro Morales; copy of an instrument of acquittance from Dolores Morales y Ochoa, in favor of Apolinar Vega Martínez, executed in Cayey on February 12, last, before Notary Luis Muñoz Morales; copy of the deed of sale of lands, executed by Antonio Vega in favor of the petitioner, before Notary Casimiro Morales, in Cayey, on May 25, 1896; a private document executed by Felipe Vega in favor of Apolinar Vega, whereby the former sells to the latter 5,125 *cuerdas* of land; and the receipts for the last taxes paid thereon.

"The court, by an order dated February 24, last, referred said petition to the *fiscal,* and directed that the former owners and those of adjoining estates be cited, admitted the evidence submitted and issued summonses, by means of the publication of notices, to the unknown persons whom the desired record might prejudice, so that they might appear within the period of sixty natural days to assert their rights.

"Letters mandatory having been duly issued to the municipal judge of Cayey, the owners of adjoining lands and former owners of the estates were cited to appear, and the witnesses Valeriano Colón and Pedro Rivera testified before said magistrate that they knew of their own knowledge that the statements contained in the petition and to which reference is made in the first finding of fact herein contained were true.

"The notices were published in the newspaper, 'The Porto Rico Sun' of March 3d, 4th, and 5th last, and the record of these proceedings having been submitted to the Department of Justice an opinion recommending that the same be approved was delivered.

"In the conduct of these proceedings the legal formalities have been observed. Judge Ramón Quiñones prepared the opinion of the court.

"As appears from the petition itself, and it is proved by the documents presented, the petitioner possesses written titles of ownership, executed in his favor, for which reason he cannot avail himself of the procedure provided for by article 395 of the Mortgage Law for the benefit of those who do not possess such written titles, not only because this would be contrary to the express provisions of aforesaid law, but beacuse it is not intended to correct defects that may exist with respect to written titles—for which there are other legal remedies—but to provide with written titles such owners as are without them.

"In view of the legal provisions cited and others that are properly applicable to the case, we adjudge that a judicial declaration

of ownership in the manner sought by the petitioner, does not lie. Thus, finally adjudging, do we pronounce, order and sign.''

From this judgment an appeal was taken by the representative of the petitioner, which was allowed both for review and stay of proceedings. The record was forwarded to this court with citation of the parties, and the appellant having appeared, the appeal was conducted under the proper procedure and a day was set for the hearing at which counsel for the appellant appeared as also the *fiscal* of this Supreme Court, who opposed the appeal.

*Mr. Sarmiento*, for appellant.

*Mr. del Toro, Fiscal*, for the People.

Mr. Chief Justice Quiñones, after making the above statement of facts delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

Article 395 of the Mortgage Law allows the right to establish ownership by means of a judicial proceeding only to persons who have no written title of ownership; and inasmuch as this is not the case with the petitioner, whose acquisition of two of the rural estates referred to herein is established by means of public deeds of purchase and sale, which constitute real titles of ownership recordable in the registry of property upon correcting any defect which might prevent their admission, and for which the said Mortgage Law prescribes the proper procedure, the declaration of ownership requested, with respect to said two estates, does not lie.

Although the petitioner's case is different as regards the other estate of 5 *cuerdas,* situated in *barrio* Las Planadas, the acquisition whereof is shown to have been by means of a private document which cannot be admitted to record, as it lacks the requisites prescribed by article 2 of the Mortgage Law in force, the declaration of ownership requested must also be denied, inasmuch as the petitioner's possession

thereof has not been long enough for purposes of acquisition by ordinary prescription, nor is it shown that his predecessor in interest had acquired it by any of the titles recognized by the law.

In view of the legal provisions herein cited, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.